UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK NA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-2141 |
| | § | |
| SON D VU, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court is Plaintiff's Motion to Remand and for Attorney's Fees (Document No. 3) and Defendants' Objections thereto (Document No. 4). Having considered the motion, the response, the facts in the record and the applicable law, the Court concludes that Plaintiff's Motion to Remand is granted, and that Plaintiff's Motion for Attorney's Fees is denied.

**Background**

Plaintiff originally filed this action on May 21, 2015 in State Court, and Defendants filed a Notice of Removal on July 24, 2015 (Document No. 1-2 at 1, 9). Plaintiff alleges that it purchased property located at 8230 Hardy Elm Street, Spring, Texas 77379 (the "Property") at a non-judicial foreclosure sale. *Id*. at 10. Thereafter, Plaintiff made a written demand upon the Defendants to vacate the premises, but Defendants continue to occupy the Property. *Id*. Thus, Plaintiff filed this action to request "judgment be entered in favor of Plaintiff for: (1) possession of the Property; (2) a writ of possession for the Property; (3) costs of suit for this action; and (4) such other and further relief." *Id*.

Defendants removed this case to federal court, arguing that diversity jurisdiction is appropriate, because this is a "civil action between citizens of different states and the matter in

controversy exceeds the sum of $75,000." *Id*. at 3. Defendants state that the property has a fair market value of $145,500. *Id*. at 4. Furthermore, Defendants state that all defendant occupants of the Property are resident citizens of Texas, whereas Plaintiff is a citizen of California; therefore complete diversity exists between the parties. *Id*.

Plaintiff objects to removal because "(1) Defendant, Candice Clark (Occupant)'s notice of removal is untimely and (2) Defendant failed to meet her burden to establish that federal jurisdiction exists; and (3) Defendant's removal failed to comply with the requirements of 28 U.S.C. § 1446." (Document No. 3 at 1). Furthermore, because Defendant's removal was wrongful, Plaintiff asks to be awarded its attorney's fees. *Id*.

**Discussion**

*Diversity Jurisdiction[1] and Removal*

A defendant may remove a case from state court if the plaintiff could have originally initiated the suit in federal court. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing 28 U.S.C. § 1441). This original jurisdiction must be based on either diversity of citizenship or existence of a federal question. *Id*. In this case, Defendants claim diversity jurisdiction, which applies where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." 28 U.S.C.A. § 1332 (West). The removing party bears the burden of showing subject matter jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Determination of such jurisdiction is made according to the state court complaint at the time of removal, construing all ambiguities in favor of remand. *Id*.

---

[1] Defendants only assert diversity jurisdiction, not federal question jurisdiction. It is unclear why Plaintiff states that "[i]n Defendant's notice of removal, [D]efendant alleges federal question jurisdiction exists because this case involves 'the taking of their real property without due process.'" (Document No. 3-1 at 9).

*Amount in Controversy*

"Defendants have the burden of proving the jurisdictional amount [of $75,000] on plaintiff's motion to remand." *Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (internal citations omitted). In this case, Defendants state that the amount in controversy exceeds $75,000, because the Property has a fair market value of $145,500 (Document No. 1-2 at 3-4). However, "[i]n the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession." *Fed. Nat. Mortgage Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) *report and recommendation adopted*, No. 3:12-CV-1967-N-BH, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (citing *Federal Nat'l Mort. Ass'n v. Loving,* 2011 WL 2517267, at *4 (N.D. Tex. June 23, 2011); *Deutsche Bank Nat. Trust Co. v. Lee,* 2010 WL 5441673, *2 (N.D. Tex. Dec.23, 2010); *Deutsche Bank Natl Trust Co. v. Thompkins,* 2010 WL5912610, at *2 (N.D. Tex. Dec. 17, 2010)). Defendants have produced no evidence of the value of their occupation of the Property, and therefore have failed to satisfy their burden of demonstrating that the amount in controversy exceeds $75,000. *Fed. Nat. Mortgage Ass'n v. Colton*, No. 3:12-CV-5094-L, 2013 WL 754699, at *2 (N.D. Tex. Feb. 28, 2013). Due to the insufficiency of evidence regarding the amount in controversy, the Court will remand this case.[2]

---

[2] Plaintiff also asserts various other grounds for remand in its Motion (Document No. 3). Plaintiff argues that "[a] case cannot be removed to federal court on the basis of diversity of citizenship when an in-state citizen is a defendant." (Document No. 3-1 at 10) (citing 28 U.S.C. § 1441(b)). However, "[t]he presence of a defendant who is a citizen of the forum state is not a jurisdictional defect; it is a procedural defect that is waived unless raised within thirty days of removal." *Fed. Nat. Mortgage Ass'n v. Colton*, No. 3:12-CV-5094-L, 2013 WL 754699, at *3 (N.D. Tex. Feb. 28, 2013) (internal citations and quotations omitted). This procedural defect is therefore waived, because Plaintiff filed this Motion to Remand on September 30, 2015 (Document No. 3), more than 30 days after Defendants filed their Notice of Removal on July 24, 2015 (Document No. 1). *Schexnayder v. Entergy Louisiana, Inc.,* 394 F.3d 280, 284 (5th Cir. 2004) (citation omitted).

*Attorneys' Fees*

Plaintiff asks for $2,000 in costs and attorney's fees incurred in responding to this motion, pursuant to 28 U.S.C. § 1447(c), which states that: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Document No. 3-1 at 13). An award of attorney's fees and costs incurred as a result of improper removal under 28 U.S.C. § 1447(c) is within the Court's discretion. *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir. 1993). "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000) (citations omitted).

"Given Defendants' *pro se* status, the Court chooses not to award Plaintiff fees and costs." *HSBC Bank USA Nat. Ass'n v. Vaughan*, No. CIV.A. H-13-0736, 2014 WL 125938, at *2

---

Plaintiff also states that Defendants did not timely remove this matter (Document No. 3 at 1). Plaintiff asserts that it originally sued Defendant for forcible detainer on September 17, 2014 in Justice Court and served Defendant on September 25, 2014 (Document No. 3-1 at 8), but it appears that Plaintiff actually filed in Justice Court on May 21, 2015 and that alternative service was ordered on June 5, 2015 (Document No. 1-2 at 9, 28). There is no evidence offered by Plaintiff as to when this alternative service was completed. Without definitive evidence of this, the Court cannot find that Defendants did not remove the case within 30 days of service, in violation of 28 U.S.C. § 1446.

Finally, Plaintiff states that Defendants have not met their burden of demonstrating complete diversity of citizenship (Document No. 3-1 at 10). "Under section 1332(c), a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Thus, allegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of its incorporation." *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985) (internal quotations and citations omitted). The Removal Notice only states that Plaintiff's "main office" is in California (Document No. 1-2 at 4), therefore it does not properly "invoke the jurisdiction of the federal courts." *Nadler*, 764 F.2d at 413. However, 28 U.S.C. § 1653 allows Defendants to amend the notice of removal "to cure defective allegations of jurisdiction," so remanding solely on this ground would not be appropriate. *Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 964 (S.D. Tex. 1994).

(S.D. Tex. Jan. 8, 2014) (citing *Federal Nat. Mortg. Ass'n v. Ramirez,* No. 3:13–cv–4084–M, 2013 WL 6768002, at *3 (N.D. Tex. Dec. 23, 2013); *Wells Fargo Bank, N.A. v. Anderson,* Civ. A. No. 3:11–CV–024–K, 2011 WL 1135121, at *3 (N.D. Tex. March 28, 2011); *Fed. Nat. Mortg. Assoc. v. Elliott,* No. 3:10–cv–1321–L, at *5 (N.D. Tex. Nov. 16, 2010)).

**Conclusion**

The court hereby

ORDERS that Plaintiff's Motion to Remand (Document No. 3) is GRANTED, and this case is REMANDED to the County Court at Law No. 1, Harris County, Texas, where it was designated as Cause No. 1065699. The Court further

ORDERS that Plaintiff's Motion (Document No. 3) for Attorney's Fees is DENIED.

SIGNED at Houston, Texas, this 13th day of June, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE